IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI JONES, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-24-00032-PRW |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
|       Defendant. | ) |

## **ORDER**

Before the Court are the Motion to Dismiss (Dkt. 9), filed by Defendant State Farm Fire and Casualty Company ("State Farm"); the Response (Dkt. 11), filed by Plaintiff Lori Jones; and State Farm's Reply (Dkt. 12). Having considered the pleadings and applicable legal authorities, the Court **GRANTS** the Motion (Dkt. 9).

### *Background*

This is a breach of insurance contract claim. According to the Petition (Dkt. 1-1), Jones's home was insured by State Farm when it incurred storm damage on May 2, 2022. She alleges that State Farm, in violation of the parties' policy agreement, refused to fully cover her loss. As a result, on May 2, 2023, Jones sued State Farm in the District Court of Canadian County, Oklahoma for compensatory and punitive damages, arguing that its actions constituted (1) breach of contract and (2) violation of the duty of good faith and fair dealing. State Farm timely removed the case to the Court on January 10, 2024 (Dkt.

1

1), and it now moves the Court to dismiss Jones's bad-faith claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 9).

## *Discussion*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5]

Under Oklahoma law, "[a]n insurer has an 'implied-in-law duty to act in good faith and deal fairly with the insured to ensure that the policy benefits are received.'"[6] "[T]he violation of this duty gives rise to an action in tort,"[7] and "[t]he core of a bad-faith claim 'is the insurer's unreasonable, bad-faith conduct, including the unjustified withholding of

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[6] *Shotts v. GEICO Gen. Ins. Co.*, 943 F.3d 1304, 1314 (10th Cir. 2019) (quoting *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005)).

[7] *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977).

payment due under a policy.'"[8] To state a bad-faith claim, a plaintiff must allege facts to show that:

> (1) the insurer was required to pay the insured's claim under the insurance policy; (2) the failure to pay the claim in full was unreasonable under the circumstances because the insurer (a) had no reasonable basis for refusal, (b) did not perform a proper investigation of the claim, or (c) did not evaluate the results of the investigation properly; (3) the insurer did not deal fairly and in good faith with the insured; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the insured.[9]

Jones's allegations pertaining to her bad-faith claim consist of merely conclusory statements and labels. Although she alleges that State Farm acted unreasonably, she does not provide any facts to show *how* it acted unreasonably.[10] Also, Jones does not plead how State Farm's purported violation of its duty of good faith and fair dealing directly caused her damages. Consequently, Jones did not state a bad-faith claim. Also, because the issue of punitive damages "is dependent on and derivative of [Jones's] bad faith claims," Jones's request for punitive damages necessarily fails as well.[11]

Finally, in her Response, Jones requests leave to amend her Complaint. State Farm rightly contends that the Local Civil Rules (1) prohibit parties from including a motion in

---

[8] *Flores v. Monumental Life Ins. Co.*, 620 F.3d 1248, 1255 (10th Cir. 2010) (quoting *McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981)).

[9] *Wheeler's Meat Mkt., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. CIV-17-523-M, 2018 WL 11184650, at *2 (W.D. Okla. Feb. 21, 2018) (cleaned up) (citing Badillo, 121 P.3d at 1093); *see also Bailey v. Farmers Ins. Co., Inc.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006).

[10] Pet. (Dkt. 1-1), ¶¶ 17, 24–25.

[11] *Shotts*, 943 F.3d at 1314, 1320; *see also Wheeler's Meat Mkt.*, 2018 WL 11184650, at *2 n.1.

their response brief; and (2) require parties seeking leave to amend to "attach the proposed pleading as an exhibit to the motion."[12] Such "drive-by requests to amend the complaint" are insufficient to warrant leave to amend.[13] Thus, the Court denies her request.

### *Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 9) and **DISMISSES** Jones's bad-faith claim **WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 25th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] LCvR 7.1(c); 15.1.

[13] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020).